No. 22-60245

# In the
# United States Court of Appeals
# for the Fifth Circuit

_____

AFFORDABLE CARE, LLC,

*Plaintiff-Appellant*,

v.

RAELINE K. MCINTYRE, DMD;
RAELINE K. MCINTYRE, DMD, PC,

*Defendants-Appellees*.

_____

On Appeal from the United States District Court for the
Southern District of Mississippi, Southern Division
Civil Action No. 1:21-cv-00085-TBM-RPM

_____

BRIEF OF DEFENDANTS-APPELLEES
RAELINE K. MCINTYRE, DMD, and
RAELINE K. MCINTYRE, DMD, PC

_____

Paul K. Sun, Jr.
Kelly Margolis Dagger
ELLIS & WINTERS LLP
Post Office Box 33550
Raleigh, North Carolina 27636
Tel: 919-865-7000
Fax: 919-865-7010
paul.sun@elliswinters.com
kelly.dagger@elliswinters.com

Karl C. Hightower
Katherine Hewes Hood
BALCH & BINGHAM, LLP
P.O. Box 130 (39502)
Gulfport, MS 39501
Tel: 228-214-0421
Fax: 866-316-9459
kchightower@balch.com
khood@balch.com

*Counsel for Defendants-Appellees*
*Raeline K. McIntyre, DMD, and*
*Raeline K. McIntyre, DMD, PC*

No. 22-60245

# In the
# United States Court of Appeals
# for the Fifth Circuit

---

AFFORDABLE CARE, LLC,
*Plaintiff-Appellant*,

v.

RAELINE K. MCINTYRE, DMD, PC;
RAELINE K. MCINTYRE, DMD,
*Defendants-Appellees*.

---

On Appeal from the United States District Court for the
Southern District of Mississippi, Southern Division
Civil Action No. 1:21-cv-00085-TBM-RPM

---

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

    i.      Affordable Care, LLC, Plaintiff-Appellant

    ii.     Raeline K. McIntyre, DMD, Defendant-Appellee

    iii.    Raeline K. McIntyre, DMD, PC, Defendant-Appellee

The following is a list of the names of opposing law firms and/or counsel in the case:

    i.      Lewis Brisbois Bisgaard & Smith, LLP, by Meredith A. Mayberry, Nancy A. Cundiff, David A. Campbell, and Caroline J. Sanches, counsel for Plaintiff-Appellant

   ii.      Purvis & Co., PLLC, by Stephen B. Simpson, counsel for Plaintiff-Appellant

/s/ Paul K. Sun, Jr.
Paul K. Sun, Jr.

*Counsel of record for Defendants-Appellees Raeline K. McIntyre, DMD, and Raeline K. McIntyre, DMD, PC*

## STATEMENT REGARDING ORAL ARGUMENT

Because this appeal involves the application of established standards for judicial review of arbitration awards, oral argument is not necessary to aid the Court's decisional process.

Affordable misstates the law in this Circuit by contending that oral argument is necessary because "this Court has not definitively addressed the scope of" the "evident partiality" standard in 9 U.S.C. § 10(a)(2). Affordable Br. 4. Affordable relies on the vacated panel opinion in *Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 476 F.3d 495 (5th Cir. 2006). *See* Affordable Br. 4. Affordable fails to disclose that the panel opinion was reversed on rehearing en banc, and that the en banc Court announced the standard for evident partiality. *See id.*; *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 286 (5th Cir. 2007) (en banc). Contrary to Affordable's argument, there is no question about the controlling standard for evident partiality in this Circuit: "The test for evident partiality in nondisclosure cases in the Fifth Circuit is set out in *Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 476 F.3d 278 (5th Cir. 2007) (en banc)." *OOGC Am., LLC v. Chesapeake Expl., LLC*, 975 F.3d 449, 453 (5th Cir. 2020). In the fifteen years since the en banc Court decided *Positive Software*, panels of this Court have continued to recognize and apply the same standard. *E.g.*, *id.*; *Cooper v. WestEnd Cap. Mgmt., LLC*, 832 F.3d 534, 545 (5th

Cir. 2016); *Fontaine v. Sport City Toyota*, 544 F. App'x 529, 530 (5th Cir. 2013) (per curiam); *Ameser v. Nordstrom, Inc.*, 442 F. App'x 967, 970 (5th Cir. 2011) (per curiam); *United Forming, Inc. v. FaulknerUSA, LP*, 350 F. App'x 948, 949-50 (5th Cir. 2009) (per curiam).

Affordable's inaccurate statement about the law in this Circuit provides no basis for oral argument, and there is no reason to allow Affordable to continue to delay the enforcement of a lawfully issued arbitration award confirmed by the district court.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .........................................................i

STATEMENT REGARDING ORAL ARGUMENT ........................................... iii

TABLE OF CONTENTS ........................................................................................v

TABLE OF AUTHORITIES ................................................................................ix

STATEMENT OF THE ISSUES ...........................................................................1

      I.     WHETHER THE DISTRICT COURT PROPERLY DENIED
             AFFORDABLE'S MOTION TO VACATE AND CONFIRMED
             THE ARBITRATION AWARD.

      II.    WHETHER THE DISTRICT COURT PROPERLY EXERCISED
             ITS DISCRETION TO DENY AFFORDABLE'S MOTION FOR
             POST-ARBITRATION DISCOVERY.

STATEMENT OF THE CASE ..................................................................................1

SUMMARY OF THE ARGUMENT ....................................................................17

ARGUMENT ........................................................................................................20

      I.     THE DISTRICT COURT PROPERLY DENIED
             AFFORDABLE'S MOTION TO VACATE AND
             CONFIRMED THE ARBITRATION AWARD ...............................20

         *Standard of Review* ........................................................................20

         *Discussion* ......................................................................................21

             A.    The District Court Correctly Concluded That There Was
                  No Basis to Vacate the Award Under § 10(a)(1) Where
                  Affordable Failed to Show That the Arbitration Award
                  Was Procured by Fraud ...........................................................22

1.     Affordable did not establish that the arbitrator committed fraud...................................................23

       a.     The arbitrator accurately disclosed his relationship with Dr. McIntyre's counsel.............24

       b.     Affordable misstates the evidence of purported connections between Dr. McIntyre's counsel and the arbitrator .................................................24

            i.     Dr. McIntyre's counsel and the arbitrator are not "co-workers."................25

            ii.    Dr. McIntyre's counsel and the arbitrator do not have an attorney-client relationship.................................................25

            iii.   Ellis & Winters is not a "benefactor" of the pro bono clinic directed by the arbitrator.....................................................29

       c.     The evidence Affordable provided does not show undisclosed bias ..........................................30

2.     Affordable could have discovered all the information it contends constitutes fraud before or during the hearing ........................................................................32

3.     Affordable failed to show that the purported fraud materially related to any issue in the arbitration ............34

B.     The District Court Correctly Concluded That There Was No Basis to Vacate the Award Under § 10(a)(2) Where Affordable Failed to Prove Evident Partiality ..........................37

1.     The arbitrator's purported relationship with Dr. McIntyre's counsel does not show evident partiality.....39

a. Affordable waived any objection to the arbitrator's relationship with Dr. McIntyre's counsel ................................................................. 39

b. Affordable failed to show a "significant compromising relationship" between the arbitrator and Dr. McIntyre's counsel ................. 40

2. The arbitrator did not display evident partiality in his rulings ....................................................................... 44

C. The District Court Correctly Concluded That There Was No Basis to Vacate the Award Under § 10(a)(3) Because Affordable Did Not Show That the Arbitrator Refused to Hear Evidence ......................................................................... 45

1. The arbitrator received and considered the information Affordable presented .................................. 46

2. Affordable has presented no legal authority supporting its contention that the arbitrator engaged in misconduct .................................................... 47

3. Affordable's contention that the arbitrator's waiver ruling was error does not show misconduct .................. 48

D. The District Court Correctly Concluded That There Was No Basis to Vacate the Award Under § 10(a)(4) Because Affordable Failed to Show That the Arbitrator Exceeded His Powers ............................................................................... 50

II. THE DISTRICT COURT CORRECTLY RULED THAT AFFORDABLE WAS NOT ENTITLED TO POST-ARBITRATION DISCOVERY ............................................. 56

*Standard of Review* ............................................................................ 56

*Discussion* .......................................................................................... 56

CONCLUSION ................................................................................................ 58

CERTIFICATE OF SERVICE ...................................................................59

CERTIFICATE OF COMPLIANCE ........................................................60

CERTIFICATE REGARDING ECF FILING STANDARDS...............................61

# TABLE OF AUTHORITIES

CASES

*Ameser v. Nordstrom, Inc.*, 442 F. App'x 967 (5th Cir. 2011)..................................iv

*In re Arbitration Between Trans Chem. Ltd. & China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266 (S.D. Tex. 1997) ............................................23

*Archer & White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274 (5th Cir. 2019) .........................................................................51

*Barahona v. Dillard's, Inc.*, 376 F. App'x 395 (5th Cir. 2010) ............ 22-23, 32, 34

*Cooper v. WestEnd Cap. Mgmt., LLC*, 832 F.3d 534 (5th Cir. 2016) .......................................iii-iv, 22, 37, 41, 48, 50

*Dealer Comput. Servs., Inc. v. Michael Motor Co.*, 485 F. App'x 724 (5th Cir. 2012).................................................... 34, 39-40

*First Union Secs., Inc. v. Lorelli*, 607 S.E.2d 674 (N.C. Ct. App. 2005)................55

*Fontaine v. Sport City Toyota*, 544 F. App'x 529 (5th Cir. 2013) ..........................iv

*Grubic v. City of Waco*, 262 F. App'x 665 (5th Cir. 2008)....................................46

*Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576 (2008).........................21, 22

*Heron Bay Acquisition, LLC v. United Metal Finishing, Inc.*, 2014 NCBC 15 .......................................................................................49, 50

*Heron Bay Acquisition, LLC v. United Metal Finishing, Inc.*, 781 S.E.2d 889 (N.C. Ct. App. 2016)............................................................49

*Hollis v. Lynch*, 827 F.3d 436 (5th Cir. 2016) .......................................................55

*Householder Grp. v. Caughran*, 354 F. App'x 848 (5th Cir. 2009)......................45

*Imperial Ethiopian Gov't v. Baruch-Foster Corp.*, 535 F.2d 334 (5th Cir. 1976). .........................................................................57

*J-Hanna v. Tucson Dodge Inc.*, No. 10-CV-504, 2014 WL 504881
 (D. Ariz. Feb. 7, 2014) ................................................................47

*Johnson v. Johnson*, 313 S.E.2d 162 (N.C. Ct. App. 1984) ....................................36

*Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398 (5th Cir. 2006).....................45

*Light-Age, Inc. v. Ashcroft-Smith*, 922 F.3d 320 (5th Cir. 2019) ...........................39

*Long Drive Apartments v. Parker*, 421 S.E.2d 631 (N.C. Ct. App. 1992).............50

*Lyeth v. Chrysler Corp.*, 929 F.2d 891 (2d Cir. 1991) ...........................................57

*Metcalf v. Yale Univ.*, No. 15-cv-1696(VAB),
 2017 WL 6614255 (D. Conn. Dec. 27, 2017) ...............................................27

*McKool Smith, P.C. v. Curtis Int'l, Ltd.*, No. 3:15-CV-01685-M,
 2015 WL 5999654 (N.D. Tex. Oct. 14, 2015) ..............................................52

*McKool Smith, P.C. v. Curtis Int'l, Ltd.*, 650 F. App'x 208 (5th Cir. 2016)...........52

*Midland Telecasting Co. v. Midessa Television Co.*,
 617 F.2d 1141 (5th Cir. 1980) ......................................................................36

*Midwest Generation EME, LLC v. Continuum Chem. Corp.*,
 768 F. Supp. 2d 939 (N.D. Ill. 2010)............................................................31

*Morgan Keegan & Co. v. Garrett*, 495 F. App'x 443 (5th Cir. 2012) ........23, 32, 34

*Nat'l Resort Mgmt. Corp. v. Cortez*, 319 F. App'x 313 (5th Cir. 2009) .................45

*Offshore Marine Towing, Inc. v. MR23*, 412 F.3d 1254 (11th Cir. 2005)..............53

*OOGC Am., LLC v. Chesapeake Expl., LLC*,
 975 F.3d 449 (5th Cir. 2020) .................................................. iii, 20, 38, 42, 43

*Oxford Health Plans LLC v. Sutter*, 569 U.S. 564 (2013).......................................50

x

*Petrofac, Inc. v. DynMcDermott Petroleum 21 Operations Co.*,
    687 F.3d 671 (5th Cir. 2012) ................................................................. 20-21

*PoolRe Ins. Corp. v. Organizational Strategies, Inc.*,
    783 F.3d 256 (5th Cir. 2015) .................................................................53

*Positive Software Sols., Inc. v. New Century Mortg. Corp.*,
    476 F.3d 278 (5th Cir. 2007) ................................... iii, 17, 19, 38, 40, 41, 44

*Rainier DSC 1, LLC v. Rainier Cap. Mgmt., LP*,
    828 F.3d 362 (5th Cir. 2016) .................................................................47

*Schmitz v. Zilveti*, 20 F.3d 1043 (9th Cir. 1994) ...................................................43

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 6621 (2010) .............. 50-51

*Thomas Kinkade Co. v. White*, 711 F.3d 719 (6th Cir. 2013) .................................43

*Timegate Studios, Inc. v. Southpeak Interactive, LLC*,
    713 F.3d 797 (5th Cir. 2013) .................................................................51

*Trans Chem. Ltd. & China Nat. Mach. Imp. & Exp. Corp.*,
    161 F.3d 314 (5th Cir. 1998) .................................................................23

*Uhl v. Komatsu Forklift Co.*, 466 F. Supp. 2d 899 (E.D. Mich. 2006) .............33, 34

*Uhl v. Komatsu Forklift Co.*, 512 F.3d 294 (6th Cir. 2008) ...................................33

*United Forming, Inc. v. FaulknerUSA, LP*,
    350 F. App'x 948 (5th Cir. 2009) ...........................................................iv, 57

*United Leasing Corp. v. Guthrie*, 666 S.E.2d 504 (N.C. Ct. App. 2008)...............36

*Vantage Deepwater Co. v. Petrobras Am., Inc.*,
    966 F.3d 361 (5th Cir. 2020) ..............................................20, 51, 56, 57

*Woods v. P.A.M. Transp. Inc.*, 440 F. App'x 265 (5th Cir. 2011)...........................57

STATUTES AND RULES

9 U.S.C. § 9 .................................................................................21

9 U.S.C. § 10 ...........................................................................*passim*

9 U.S.C. § 11 ..........................................................................21, 53

Fed. R. Civ. P. 11 ...................................................................10, 17

Fed. R. Civ. P. 26 ........................................................................57

N.C. Rules of Prof'l Conduct 1.13.........................................26, 27

N.C. Rules Prof'l Conduct 4.2 ...................................................28

AAA Commercial Arbitration Rules & Mediation Procedures, R-47.............*passim*

OTHER AUTHORITY

*Black's Law Dictionary* (11th ed. 2019)....................................30

# STATEMENT OF THE ISSUES

I.    WHETHER THE DISTRICT COURT PROPERLY DENIED
      AFFORDABLE'S MOTION TO VACATE AND CONFIRMED THE
      ARBITRATION AWARD.

II.   WHETHER THE DISTRICT COURT PROPERLY EXERCISED ITS
      DISCRETION TO DENY AFFORDABLE'S MOTION FOR POST-
      ARBITRATION DISCOVERY.

# STATEMENT OF THE CASE

*Relationship between the parties*

Appellant Affordable Care, LLC ("Affordable"), is a North Carolina-based

dental practice management company.  ROA.4822.  In 2002, Affordable[1] entered a

Management Services Agreement (the "Agreement") with Appellee Raeline K.

McIntyre, DMD, PC (the "PC"), a Mississippi dental practice owned by Appellee

Raeline K. McIntyre, DMD,[2] a Mississippi-licensed dentist.  ROA.4822; *see*

ROA.22-42.  Affordable agreed to act as the PC's agent, ROA.29, to "manage the

business aspects of the Practice on PC's behalf and in the PC's name," ROA.22.

Affordable agreed to lease office space to the PC, ROA.36; when they signed the

Agreement, Affordable and the PC also entered a lease for office space on Orange

Grove Road in Gulfport, Mississippi (the "2002 Lease"), ROA.1319-1329.

---

[1] Affordable was then known as Affordable Care, Inc.  *See* ROA.22.

[2] The PC and Dr. McIntyre are referred to as "Respondents" in the arbitration award and "Defendants" in the district court's order.  For simplicity, the PC and Dr. McIntyre are collectively referred to as "Dr. McIntyre" in this brief, except where it is necessary to refer to the PC specifically.

Affordable did not own the Orange Grove Road office; Affordable leased the office from its owner, and then subleased it to the PC under the 2002 Lease. ROA.58, ¶¶ 41-42. By its terms, the 2002 Lease would "terminate automatically" when Affordable's lease of the Orange Grove Road premises ended. ROA.1319.

The term of the Agreement was twenty years, unless terminated sooner. ROA.27. The Agreement allowed either party to terminate for cause. ROA.28. "Cause" included a breach "of any material provision of this Agreement," unless cured within thirty days, ROA.28, and "[a]ny termination of any lease between Manager and PC," ROA.29. The parties agreed to arbitrate disputes "in accordance with the then existing rules of the American Arbitration Association applicable to commercial arbitration." ROA.30. Except as to matters involving the practice of dentistry, the Agreement was governed by North Carolina law. ROA.31.

In 2013, Affordable entered a lease under which JNM Office Property, LLC ("JNM"), leased to Affordable property at 505 Cowan Road, Gulfport, Mississippi (the "JNM Lease"). ROA.72, ¶ 76; *see* ROA.1200. JNM was ultimately owned by Raeline McIntyre and her husband, Neil McIntyre. ROA.72, ¶ 75. By 2014, the owner of the Orange Grove Road location had sold the property, and the building was destroyed. ROA.72, ¶ 78. Affordable's lease for the Orange Grove Road location ended, causing the 2002 Lease to "terminate automatically." ROA.72, ¶

2

78.  In 2014, the PC moved to 505 Cowan Road.  ROA.73, ¶ 79.  Although there was no written sublease between Affordable and the PC, the PC paid monthly rent to Affordable for the 505 Cowan Road office.  ROA.73, ¶ 79.

In September 2019, the PC gave notice that it was terminating the Agreement on two grounds:  (1) Affordable's material breach of its obligation to manage the practice in the PC's best interest; and (2) the termination of the 2002 Lease.  ROA.1201-1204.  Affordable denied that there was a basis to terminate the Agreement, arguing that it had not breached its obligations and that the 2002 Lease was still in "full force and effect."  ROA.1205.

*Arbitration proceedings*

Affordable filed a demand for arbitration with the American Arbitration Association ("AAA") on November 1, 2019, seeking declaratory judgment that the Agreement was not terminated.  *See* ROA.13, ¶ 16; ROA.83.  On the same day, Affordable sued JNM in the United States District Court for the Southern District of Mississippi (the "JNM litigation"), seeking declaratory judgment that Affordable was not in default on the JNM Lease.  *See* ROA.13, ¶ 17; ROA.84, 1234.

Affordable later filed an amended arbitration demand, asserting seventeen claims against Dr. McIntyre and the PC, including claims arising from the Agreement and the 2002 Lease, and various tort and statutory claims under North

Carolina law.  ROA.87-88, ¶ 117; ROA.1266-1342.  Affordable sought an award of attorneys' fees and costs.  ROA.1278, 1294.  Affordable did not bring any claims in arbitration against JNM.  *See* ROA.1266-1342.  Dr. McIntyre denied that Affordable was entitled to any relief and requested that the arbitrator award her attorneys' fees and costs.  ROA.1379.

In June 2020, the arbitrator then assigned to the case withdrew.  ROA.4823.  The parties selected Charles Holton, a professor at Duke Law School, as the arbitrator.  ROA.4823; *see* ROA.2152.  Mr. Holton completed the AAA's required conflict disclosure form.  ROA.158-160.  The final hearing was set to begin on September 8, 2020.  ROA.1345.

Seeing that the case was likely to proceed to a final hearing, Dr. McIntyre retained additional counsel, Paul K. Sun, Jr., and Kelly Margolis Dagger of the law firm of Ellis & Winters LLP ("Ellis & Winters") in Raleigh, North Carolina.  *See* ROA.211.  Mr. Sun entered a notice of appearance on July 22, 2020.  *See* ROA.211.  The next day, the arbitrator provided a supplemental disclosure:

> I would disclose that I know Mr. Sun and probably have had one or more cases with him or against him during my career, but nothing in the last 10 years.  I do not believe that I have seen or communicated with him in over 10 years.  His involvement would not affect my judgment in the case.

ROA.211.  The AAA requested objections to the disclosure by July 30, 2020.  ROA.211.  Affordable did not object.  *See* ROA.4825.

On July 31, 2020, Mr. Sun was injured in an accident. *See* ROA.4839. Over Affordable's objection, the arbitrator granted Dr. McIntyre's motion to continue the hearing to December 1, 2020, to allow Mr. Sun to recover. ROA.4839; *see* ROA.293.

The arbitrator held a six-day evidentiary hearing from December 1 to 15, 2020. *See* ROA.293-1165. Affordable presented its case-in-chief over the first four days of the hearing. ROA.311-804. Dr. McIntyre presented her evidence on the fifth day. ROA.930-1091. Affordable presented its rebuttal case on the sixth day, offering further testimony from two witnesses who had testified during Affordable's case-in-chief. ROA.1092-1165. The arbitrator directed the parties to submit post-hearing briefs and proposed findings of fact and conclusions of law, ROA.1123, and held closing arguments. ROA.44, ¶ 4. The arbitrator also permitted the parties to submit evidence of their attorneys' fees and costs. *See* ROA.155.

After closing arguments, Affordable filed what it called a "judicial notice" regarding the district court's ruling on summary judgment motions in the JNM litigation (the "JNM Order"). ROA.1386-1388. According to Affordable, it was "[h]ighly relevant" to the arbitration that had JNM argued, and the district court agreed, that Affordable waived any objection to the rent amount under the JNM lease by paying rent for five years without objection. ROA.1387. Affordable

asked the arbitrator to take "judicial notice" of the JNM Order and requested that the arbitrator schedule argument so the parties could "address the relevancy of this new evidence" to the arbitration. ROA.1387-1388.

Dr. McIntyre responded that the JNM Order "did not address the rights of Affordable or Respondents under the Management Services Agreement, and is not relevant to the issues before the Arbitrator." ROA.161. Dr. McIntyre argued that the court's ruling that Affordable waived the right to recover alleged overpayment of rent was "irrelevant," where there was no claim about the payment of rent to JNM in the arbitration. ROA.162. Dr. McIntyre further argued that the PC was entitled to terminate the Agreement because the evidence did not show that the PC waived its express termination rights under that contract. ROA.162.

The arbitrator granted Affordable's request and held further oral argument about the JNM Order. ROA.45, ¶ 5.

*Arbitration award*

On March 22, 2021, the AAA served the arbitrator's final award rejecting Affordable's claims and awarding Dr. McIntyre some of her attorneys' fees and costs incurred in connection with the arbitration hearing. ROA.43-157; *see* ROA.12, ¶ 10.

The arbitrator concluded that the PC properly exercised its rights to terminate the Agreement, ROA.103-104, ¶¶ 163-165, finding that there was cause

for termination because (1) Affordable breached its duty to manage in the best interests of the PC, ROA.62-71, ¶¶ 55-73; ROA.104-107, ¶¶ 166-177; and (2) the 2002 Lease terminated no later than 2014, rendering the Agreement terminable by either party at any time, ROA.72, ¶¶ 74-78; ROA.108-111, ¶¶ 180-188.

The arbitrator concluded that Affordable failed to show that the PC intended to waive its express contract termination rights. ROA.107-108, ¶¶ 178-179; ROA.111-116, ¶¶ 189-202. The arbitrator specifically rejected Affordable's argument that the JNM Order required the arbitrator to find that the PC waived its right to terminate the Agreement, explaining that the JNM Order was "inapposite because that decision involved claims of breach of lease and relied on Mississippi law." ROA.114, ¶ 198.

The arbitrator ruled in favor of the PC on Affordable's various breach of contract theories and requests for declaratory judgment arising from the termination of the Agreement. ROA.117-123, ¶¶ 206-228. The arbitrator also found in favor of Dr. McIntyre on Affordable's other claims. ROA.124-151, ¶¶ 229-326. For example, the arbitrator rejected Affordable's claim for misappropriation of trade secrets where Affordable failed to identify any trade secret. ROA.138-140, ¶¶ 283-289. The arbitrator also ruled in favor of Dr. McIntyre on Affordable's claims arising from non-solicitation covenants that

Affordable sought to enforce although the covenants had no time or territory limitations. ROA.127-136, ¶¶ 243-273.

At the conclusion of the award, the arbitrator noted that he was authorized by AAA rules to award attorneys' fees because all parties had requested an award of fees. ROA.152, ¶ 329. Considering the millions of dollars Affordable sought in damages, the number of claims Affordable asserted and failed to prove, the length of the proceedings, Affordable's assertion of "unsupportable" litigation positions, and other factors, the arbitrator found it appropriate to award Dr. McIntyre some of her attorneys' fees and costs. ROA.152-156. The arbitrator awarded Dr. McIntyre $379,168 in attorneys' fees and $14,430.75 in costs, with interest to run at the North Carolina rate of eight percent per annum from the date of the award. ROA.157.

*Post-arbitration district court proceedings*

Two days after receiving the award, Affordable filed a complaint in the United States District Court for the Southern District of Mississippi, alleging that the award should be vacated on eight grounds. ROA.12-13, ¶ 12. Affordable alleged, among other things, that "Holton failed to update the General Arbitrator Oath Form when Mr. Sun and Ellis & Winters filed a notice of appearance in the arbitration." ROA.15, ¶ 37. Affordable did not advise the court in its complaint that the arbitrator made a supplemental disclosure the day after Mr. Sun entered an

appearance.  *See* ROA.11-164.  Affordable alleged that the arbitrator failed to disclose his purported "attorney/client relationship with Mr. Sun and Ellis & Winters," and his "longstanding relationship with Mr. Sun and Ellis & Winters," ROA.15, ¶¶ 38-39, and that the arbitrator had continued the hearing only because of his "bias toward Mr. Sun and Mr. Sun's law firm," ROA.16, ¶ 46.  Affordable alleged that the arbitrator did not follow the JNM Order, and that the arbitrator's decision therefore provided "clear evidence" of the arbitrator's "bias and blatant violation of the law."  ROA.18, ¶¶ 65-70.

In her answer, Dr. McIntyre denied Affordable's allegations.  ROA.197-210.  Dr. McIntyre enclosed the arbitrator's supplemental disclosure that Affordable had omitted from the complaint.  ROA.211-212.

Affordable later moved to vacate the arbitration award on all four statutory grounds set forth in 9 U.S.C. § 10:  that the award was procured by fraud, that the arbitrator displayed evident partiality toward Dr. McIntyre, that the arbitrator refused to hear material evidence, and that the arbitrator exceeded his powers.  ROA.249-251, 2179-2205.  Affordable attached to its motion to vacate some parts of the arbitration record, ROA.239-1776, and publicly available information about Mr. Sun, Ellis & Winters, and Duke Law School's Civil Justice Clinic, ROA.2145-2165, 4767-4777.  Affordable said that the publicly available information showed that Mr. Holton and Mr. Sun were "co-workers and shared an attorney-client

relationship," ROA.2199, that "Ellis & Winters' representation [of Duke University] included representation of the arbitrator," ROA.4751, and that Ellis & Winters "works closely with the legal aid clinic at Duke Law of which Arbitrator Holton is a director," ROA.4092. Affordable also moved for discovery related to the arbitrator's alleged bias and partiality. ROA.2166-2168, 4092-4100.

Dr. McIntyre opposed the motion to vacate, ROA.4425-4427, and the motion for discovery, ROA.4407-4409, and moved to confirm the award, ROA.4101-4104. Dr. McIntyre also moved for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. ROA.4455-4601.

*The district court's order*

On March 31, 2022, the district court entered a memorandum opinion and order denying Affordable's motion to vacate and motion for discovery, granting Dr. McIntyre's motion to confirm the arbitration award, and denying Dr. McIntyre's motion for sanctions. ROA.4821-4853.

The district court found that, on July 23, 2020, the day after Mr. Sun appeared in the case, the arbitrator disclosed that he knew Mr. Sun, that the arbitrator probably had one or more cases with or against Mr. Sun during his career, but nothing in the last ten years, and that the arbitrator did not believe he had seen or communicated with Mr. Sun in more than ten years. ROA.4821, 4825. The district court found that the arbitrator affirmed that Mr. Sun's "involvement

10

would not affect [the arbitrator's] judgment in this case." ROA.4825. The district court found that Affordable did not "raise any objections or concerns with regard to this disclosure." ROA.4825. Further, the district court found that Affordable did not allege that the arbitrator "was untruthful in making this disclosure," and that Affordable had not offered "any evidence to contradict this disclosure." ROA.4825; *see* ROA.4821.

The district court found that Affordable submitted documents showing that Charles Holton is a Duke Law School professor and the director of the school's Civil Justice Clinic, which partners with Legal Aid of North Carolina; that Ellis & Winters, Mr. Sun's firm, provides pro bono services to Legal Aid; that Ellis & Winters and Mr. Sun have represented Duke University; and that Mr. Sun, but not Mr. Holton, taught a "Wintersession" class at Duke Law School in 2021. ROA.4824, 4828-4829, 4837. Affordable also asserted that Mr. Holton represented Duke University from 1985 through 2005 and that Ellis & Winters "took over representation of Duke University," but the district court found that Affordable did not produce documents to support those statements, other than a 2018 news article reflecting that Mr. Sun represented Duke University. ROA.4824, n.2. Affordable did not allege that Ellis & Winters was the only firm that represented Duke University. ROA.4824, n.2. The district court found that "[t]here is no suggestion that there is a financial arrangement between Arbitrator

Holton and Paul Sun." ROA.4824; *see* ROA.4829. The district court also found that "there is no evidence of any interaction between Paul Sun and Arbitrator Holton and any work with the Legal Aid of North Carolina." ROA.4829.

With respect to Affordable's argument under § 10(a)(1) that the arbitration award was procured by fraud, the district court ruled that Affordable could not meet its burden to prove fraud by clear and convincing evidence, noting that Affordable provided "no support with the facts or case law" and that Affordable did not "even make a single argument under" § 10(a)(1) about why the legal standard was satisfied. ROA.4828. The district court concluded that the connections Affordable alleged between the arbitrator and Dr. McIntyre's counsel were merely "the professional relationships and contacts one would expect of people working in the same locality in the legal field." ROA.4829. Further, the district court rejected Affordable's fraud argument because "[a]ll of these 'connections' could have been discovered" through due diligence during the arbitration proceedings after the arbitrator disclosed his "prior knowledge of Paul Sun." ROA.4829. Finally, the district court concluded that Affordable "provide[d] no basis, in fact or law, for its position that an attorney-client relationship exists between Arbitrator Holton and Paul Sun." ROA.4830.

The district court next rejected Affordable's argument for vacatur under § 10(a)(2) based on the arbitrator's alleged evident partiality. ROA.4830-4841.

With respect to Affordable's allegation that the arbitrator had undisclosed connections to Dr. McIntyre's counsel, the district court first ruled that Affordable waived its evident partiality argument by waiting until after the arbitration award was issued to raise an objection, when the district court found that all the evidence Affordable cited was "readily discoverable to anyone who chose to look." ROA.4832. The district court also rejected the evident partiality claim on its merits, reasoning that there was "no allegation or evidence of a financial or business relationship" between the arbitrator, Mr. Sun, or Ellis & Winters. ROA.4834. The district court found that "the unsubstantiated, conclusory allegation that an attorney-client relationship exists between Arbitrator Holton and Paul Sun is not supported by the evidence." ROA.4834. The court discussed cases applying the evident partiality standard, concluding that none of the cases supported Affordable's evident partiality argument. ROA.4834-4838. Recognizing that Affordable was required to prove "a significant compromising relationship" to prevail on its theory, the district court concluded that "[t]his case does not come close to meeting that standard when Affordable Care has not disputed that Arbitrator Holton and Paul Sun have not seen each other or communicated in over ten years." ROA.4838-4839.

The district court also rejected Affordable's alternative theory of evident partiality—that the arbitrator extended a "procedural advantage" to Dr. McIntyre

13

by granting her motion to continue the hearing and gave her an advantage by not following the JNM Order. ROA.4839-4841. The district court noted that Affordable did not "assert or offer evidence that Paul Sun was not actually injured in an accident," and that Affordable cited no case law suggesting that granting a continuance when a party's attorney is injured in an accident is evidence of a "procedural advantage." ROA.4839. Further, as the district court recognized, the arbitrator extended Affordable a "procedural advantage"—the opportunity to present additional information and argument after the evidentiary hearing and closing arguments. ROA.4839. The arbitrator also rejected Affordable's argument about the JNM Order, reasoning that "Affordable Care offers no legal support for its position that Arbitrator Holton was bound by the decision of a federal district court in a different state in a different matter involving different contracts or that failure to follow that district court ruling constitutes bias or misconduct justifying vacatur of the arbitration award." ROA.4840.

Turning to the § 10(a)(3) argument, the district court rejected Affordable's allegation that the arbitrator engaged in misconduct "when he refused to consider the evidence of the arguments and summary judgment on the issue of waiver" in the JNM litigation, and allegedly failed to follow the JNM Order. ROA.4841-4842. The district court found that, after the hearing and closing arguments, the arbitrator allowed additional oral arguments about the summary judgment ruling,

14

and he received a copy of the ruling into the record. ROA.4842; *see* ROA.44-45,

¶ 5. The district court specifically found that the arbitrator "did not refuse to hear

or exclude this evidence." ROA.4842. The court concluded that the arbitrator's

alleged failure to follow the JNM Order was not misconduct, noting again that

Affordable cited no authority for the proposition that the arbitrator was bound by

the JNM Order, or that the failure to follow the order constituted misconduct.

ROA.4842.

As to Affordable's final argument, under § 10(a)(4), that the arbitrator

exceeded his powers by awarding Dr. McIntyre attorneys' fees, the district court

concluded that the arbitrator acted within his authority. ROA.4842-4845. The

district court explained that the arbitrator relied on Rule 47(d)ii of the AAA

Commercial Arbitration Rules & Mediation Procedures ("AAA Rules"), which

provides that an arbitration award may include "an award of attorneys' fees if all

parties have requested such an award or it is authorized by law or their arbitration

agreement." ROA.4844; *see* AAA Rules, R-47(d)ii (2013). The court found that

the Agreement, which Affordable drafted, ROA.4821, expressly incorporated the

AAA Rules by providing that arbitration would be conducted "in accordance with

the then existing rules of the American Arbitration Association applicable to

commercial arbitration." ROA.4844, n.6. The district court rejected Affordable's

argument that Dr. McIntyre could not recover fees because she never requested

them, finding that "Defendants clearly sought such an award in their Answer to Affordable Care's Amended Demand for Arbitration." ROA.4844.

Because there was no basis for vacatur, the district court confirmed the arbitration award. ROA.4853.

The district court next denied Affordable's motion for discovery "related to the Arbitrators' [sic] bias, partiality, and conflicts of interest, specifically related to Arbitrator Holton's relationship with Paul Sun" and Ellis & Winters. ROA.4845; *see* ROA.2167. While Affordable did not specify in its motion for discovery whether it would attempt to depose the arbitrator, the district court recited a long line of cases prohibiting the deposition of an arbitrator. ROA.4846. Further, as the district court explained, the cases Affordable cited, from district courts in New York and New Jersey, were unpersuasive because they applied a different legal standard to a different set of facts. ROA.4847-4848. The district court found that "[b]oth Arbitrator Holton's timely disclosure as well as the evidence provided by Affordable Care suggest that the relationship between Arbitrator Holton and Paul Sun was purely professional and more than ten years ago." ROA.4848. Because Affordable provided no evidence from which a reasonable person could conclude that the arbitrator was biased, the district court denied the motion for discovery. ROA.4848-4849.

Finally, although the district court acknowledged that Affordable's arguments for vacatur were "unpersuasive," "quite weak," and "flimsy," the court ruled that Affordable's arguments were not "so frivolous as to warrant Rule 11 sanctions." ROA.4852. Therefore, the district court denied Dr. McIntyre's motion for sanctions. ROA.4849-4852.

## SUMMARY OF THE ARGUMENT

Affordable drafted and signed a contract with a mandatory AAA arbitration provision, and when a dispute arose years later, Affordable sued and lost in arbitration. In a 115-page award, the arbitrator rejected each of Affordable's seventeen claims for relief. Under AAA Rules, which Affordable selected when it prepared the contract, the arbitrator awarded attorneys' fees and costs against Affordable, finding that Affordable's litigation positions were "unsupportable." ROA.155.

As this Court predicted in its en banc decision *Positive Software*, Affordable conducted an "intensive, after-the-fact investigation[ ] to discover the most trivial of relationships" between the arbitrator and one of Dr. McIntyre's attorneys. 476 F.3d at 285. The arbitrator had disclosed that he knew one of Dr. McIntyre's attorneys, had some cases with him, but not within the previous ten years, had not seen or communicated with that attorney in over ten years, and that the attorney's

involvement would not affect his judgment. Affordable did not object to this disclosure during the arbitration.

It was only after losing the arbitration that Affordable found the arbitrator's prior knowledge of Dr. McIntyre's counsel significant. Two days after receiving the award, Affordable filed a complaint in the district court alleging, inaccurately, that the arbitrator did not disclose his relationship with Dr. McIntyre's counsel. Affordable conducted online research, finding that Dr. McIntyre's counsel had at one time represented the university where the arbitrator was a law professor, that Dr. McIntyre's counsel had taught a class at that university, that the arbitrator directed a student clinic that helped Legal Aid of North Carolina, and that lawyers in Dr. McIntyre's counsel's firm had sometimes provided pro bono representation to individuals referred by Legal Aid. Undeterred by the facts, Affordable constructed a reality where Dr. McIntyre's counsel and the arbitrator were "co-workers," Dr. McIntyre's counsel had an attorney-client relationship with the arbitrator, and Dr. McIntyre's counsel's firm was a "benefactor" of the arbitrator's clinic. Affordable moved to vacate the arbitration award on all four grounds permitted by statute: that the award was procured by fraud, that the arbitrator showed evident partiality, that the arbitrator refused to hear evidence, and that the arbitrator exceeded his powers by awarding attorneys' fees. Affordable also

moved for discovery, trying to launch the "[e]xpensive satellite litigation" this Court sought to prevent with its decision in *Positive Software*. 476 F.3d at 285.

The district court rejected each of Affordable's arguments and rejected its request for discovery. The district court found that the arbitrator disclosed his relationship with Dr. McIntyre's counsel and that Affordable did not dispute the truthfulness of the arbitrator's disclosure. ROA.4825. The district court also found that "there is no allegation or evidence of a business relationship" between the arbitrator and counsel, and that Affordable's "unsubstantiated, conclusory allegation that an attorney-client relationship exists" between counsel and the arbitrator "is not supported by the evidence." ROA.4834. As the district court put it, Affordable offered "no support with the facts or case law" for its fraud argument, ROA.4828; Affordable did not "come close" to meeting the evident partiality standard, ROA.4838; Affordable's argument that the arbitrator did not consider evidence did "not line up with the record," ROA.4842; and Affordable's argument that the arbitrator lacked authority to award Dr. McIntyre attorneys' fees was contrary to the record, where she "clearly sought such an award," ROA.4844.

To this Court, Affordable repeats the same arguments it made in the district court, sometimes verbatim. Affordable does not challenge any of the district court's fact findings. Although the district court repeatedly concluded that Affordable had offered no facts or law to support it arguments, Affordable does not

try to distinguish any of the case authorities cited by the district court where this Court and other courts found no basis to vacate an award notwithstanding facts showing significant connections between an arbitrator and a party or the party's counsel.

Affordable has offered no basis to reverse the district court. Dr. McIntyre respectfully requests that the Court affirm the district court's order confirming the arbitration award.

## ARGUMENT

I.   THE DISTRICT COURT PROPERLY DENIED AFFORDABLE'S MOTION TO VACATE AND CONFIRMED THE ARBITRATION AWARD.

*Standard of Review*

This Court reviews de novo the district court's conclusions of law in an order confirming or vacating an arbitration award. *See OOGC*, 975 F.3d at 453; *Vantage Deepwater Co. v. Petrobras Am., Inc.*, 966 F.3d 361, 368 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1395 (2021). In doing so, this Court applies the same legal standards that constrain a district court's review of an arbitration award: "Judicial review of an arbitration award is extraordinarily narrow, and [the Court] defer[s] to the arbitrator's decision when possible." *OOGC*, 975 F.3d at 453 (quotations omitted). A federal court's review of an arbitration award is thus "exceedingly deferential." *See Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687

F.3d 671, 674 (5th Cir. 2012) (quotation omitted).  This Court accepts the district court's findings of fact in an order confirming or vacating an arbitration award unless the findings are clearly erroneous.  *See id.*

*Discussion*

The Federal Arbitration Act ("FAA") provides the grounds for enforcing arbitration awards—an award may be vacated only on the grounds set out in 9 U.S.C. § 10 and modified only on the grounds set forth in 9 U.S.C. § 11.  *See Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582-84 (2008).  As relevant to Affordable's arguments here, a district court may vacate an arbitration award only in limited circumstances:

(1)   where the award was procured by corruption, fraud, or undue means;

(2)   where there was evident partiality or corruption in the arbitrators, or either of them;

(3)   where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4)   where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  Because §§ 10 and 11 provide the exclusive grounds for vacatur or modification, any arbitration award not vacated or modified on those grounds "must" be confirmed.  *See* 9 U.S.C. § 9; *Hall Street*, 552 U.S. at 582.  Taken together, §§ 9, 10, and 11 of the FAA "substantiat[e] a national policy favoring

arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Hall Street*, 552 U.S. at 588. This limited review allows parties who agree to arbitration to avoid a "cumbersome and time-consuming judicial review process." *See id.* (quotation omitted).

The parties to this appeal agree that "[t]he burden of proof is on the party seeking to vacate the award, and any doubts or uncertainties must be resolved in favor of upholding it." *Cooper*, 832 F.3d at 544; *accord* Affordable Br. 32. As shown below, the district court properly ruled that Affordable failed to carry its burden to show that the arbitration award should be vacated. *See* ROA.4853. Because Affordable did not establish any statutory ground for vacatur, and it did not seek modification of the award, the district court properly confirmed the award. *See* ROA.4853.

> A.   The District Court Correctly Concluded That There Was No Basis to Vacate the Award Under § 10(a)(1) Where Affordable Failed to Show That the Arbitration Award Was Procured by Fraud.

To satisfy § 10(a)(1), "a party who alleges that an arbitration award was procured by fraud must demonstrate: (1) that the fraud occurred by clear and convincing evidence; (2) that the fraud was not discoverable by due diligence before or during the arbitration hearing; and (3) the fraud materially related to an issue in the arbitration." *Barahona v. Dillard's, Inc.*, 376 F. App'x 395, 397 (5th

Cir. 2010) (per curiam).  Affordable's argument for vacatur based on alleged fraud fails on all three elements.

1.    Affordable did not establish that the arbitrator committed fraud.

"Fraud requires a showing of bad faith during the arbitration proceedings, such as bribery, undisclosed bias of an arbitrator, or willfully destroying or withholding evidence."  *In re Arbitration Between Trans Chem. Ltd. & China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 304 (S.D. Tex. 1997), *aff'd and opinion adopted in relevant part*, 161 F.3d 314 (5th Cir. 1998) (per curiam); *accord Morgan Keegan & Co. v. Garrett*, 495 F. App'x 443, 447 (5th Cir. 2012) (per curiam).  Affordable contends that there is "undisclosed bias constituting fraud" for three reasons:  (i) the arbitrator and Dr. McIntyre's counsel "are co-workers of the same department"; (ii) Ellis & Winters has purportedly provided pro bono assistance to an organization that the arbitrator directs, so that the arbitrator "would have both a personal and professional interest in maintaining a positive relationship" with the firm; and (iii) Dr. McIntyre's counsel has an "attorney-client relationship" with the arbitrator.  Affordable Br. 37-39.  The arbitrator disclosed the only relationship he had with Dr. McIntyre's counsel.  *See* ROA.211.  Affordable's efforts to manufacture an undisclosed relationship are unfounded in fact, and the district court properly rejected them.  *See* ROA.4828-4829.

23

a. The arbitrator accurately disclosed his relationship with Dr. McIntyre's counsel.

In his July 23, 2020 disclosure, which Affordable did not initially reveal to the district court, *see* ROA.11-21, the arbitrator disclosed to the parties that he knew Paul Sun, that he "had one or more cases" with or against Mr. Sun over his career, "but nothing in the last 10 years," that he did not believe he had "seen or communicated with [Mr. Sun] in over 10 years," and that Mr. Sun's participation would not impact the arbitrator's judgment. ROA.211. The district court found that this disclosure was made and that "Affordable Care does not dispute the truthfulness of these statements." ROA.4821. Affordable does not and could not contend that these findings are clearly erroneous. *See* Affordable Br. *passim*.

b. Affordable misstates the evidence of purported connections between Dr. McIntyre's counsel and the arbitrator.

The evidence does not support Affordable's allegations that Dr. McIntyre's counsel and the arbitrator are "co-workers," that Dr. McIntyre's counsel has an attorney-client relationship with the arbitrator, or that Ellis & Winters is a "benefactor" of a clinic that the arbitrator directs. *See* Affordable Br. 14, 15, 37, 43, 50.

i. Dr. McIntyre's counsel and the arbitrator are not "co-workers."

Affordable submitted a website reflecting that Mr. Sun and numerous other practicing lawyers were part of Duke Law School's "Wintersession" faculty in 2021. ROA.2154-2158. The arbitrator is a full-time law professor at Duke University. ROA.4829. The district court found, and Affordable does not dispute, that the arbitrator was not on the list of "Wintersession" faculty. *See* ROA.4829. Affordable's assertion that the arbitrator and Dr. McIntyre's counsel were or are "co-workers" is unfounded. *See* Affordable Br. 37, 43, 50

ii. Dr. McIntyre's counsel and the arbitrator do not have an attorney-client relationship.

Affordable submitted a February 2018 news article reflecting that Mr. Sun represented Duke University in a case brought by a student. ROA.2159, 2162. Affordable also offered an answer filed in North Carolina state court in June 2021, where two Ellis & Winters lawyers—not Mr. Sun—represented Duke University in a personal injury case. ROA.4771; *see* ROA.4773-4776. Affordable asserted, through the declaration of its Senior Vice President of Operations, that the arbitrator "represented Duke University in many lawsuits from 1983 to 2005," and that Mr. Sun and his firm "took over representation of Duke University following Holton's long representation." ROA.290, ¶¶ 48, 51. As the district court found, Affordable offered no documents to support these statements, except the news

article reflecting that Mr. Sun represented Duke University in a case in 2018. ROA.4824, n.2.

After the district court found Affordable's allegation of an attorney-client relationship "unsubstantiated," Affordable continues to tell this Court that Dr. McIntyre's counsel has an attorney-client relationship with the arbitrator, arguing, without citation to the record, that "Attorney Sun and his firm had *a long history of representing Duke University and its faculty members*, one of those members being Arbitrator Holton." Affordable Br. 48 (emphasis in Affordable's brief). There is no evidence that Ellis & Winters or Mr. Sun ever represented Mr. Holton. *See* ROA.280-292, 2145-2165, 4767-4777.

Affordable's argument rests on a misconstruction of the North Carolina Rules of Professional Conduct. *See* Affordable Br. 48. Affordable cites Rule 1.13, which provides that "[a] lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents." N.C. R. Prof'l Conduct 1.13(a) (cited at Affordable Br. 48). According to Affordable, the arbitrator is a constituent of Duke University, Dr. McIntyre's counsel represented Duke University, and therefore Dr. McIntyre's counsel represented the arbitrator. *See* Affordable Br. 39. This argument is contrary to the law: As the district court explained, Affordable failed to cite the comments to Rule 1.13, ROA.4834, which expressly state that "[t]his does not mean, however, that

constituents of an organizational client are the clients of the lawyer." N.C. R. Prof'l Conduct 1.13, n.2. On appeal, Affordable continues to rely on its misconstruction of Rule 1.13, and still fails to acknowledge the comment highlighted by the district court. *See* Affordable Br. 48.

Affordable Care also argues that other courts have found that "a 'party' includes an organization's employees with managerial responsibility; employees whose act or omission in connection with the matter may be imputed to the organization; and employees, whose statements may constitute an admission of the organization," purporting to quote from a District of Connecticut case. *See* Affordable Br. 48-49 (citing *Metcalf v. Yale Univ.*, No. 15-cv-1696(VAB) (D. Conn. Dec. 27, 2017)). *Metcalf* does not contain the quoted language or anything similar; rather, the court addressed a motion for a protective order to prevent the plaintiff in an age discrimination case from discovering medical records of another employee. *Metcalf v. Yale Univ.*, No. 15-cv-1696(VAB), 2017 WL 6614255, at *1-3 (D. Conn. Dec. 27, 2017).[3]

---

[3] Affordable did not provide a Westlaw or LexisNexis citation for *Metcalf*. Counsel located the above-cited decision matching the case name, docket number, and date of the decision Affordable cited. The only other order entered in the *Metcalf* case on the same date was a text order finding two sealed motions moot. *See* Text Order (Dkt. No. 80), *Metcalf v. Yale Univ.*, No. 15-cv-1696(VAB) (D. Conn. Dec. 27, 2017). Counsel has not located any case containing the language Affordable purports to quote.

The quoted language is similar in some respects to comment 9 to Rule 4.2 of the North Carolina Rules of Professional Conduct, which provides in part:

> In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability. It also prohibits communications with any constituent of the organization, regardless of position or level of authority, who is participating or participated substantially in the legal representation of the organization in a particular matter.

N.C. R. Prof'l Conduct 4.2, n.9. Nothing in Rule 4.2 purports to establish an attorney-client relationship between a lawyer for an organization and the organization's constituents. *See* N.C. R. Prof'l Conduct 4.2. The comment restricts opposing counsel's communications with some of a represented organization's constituents who are involved in a legal matter, *see id.*, n.9, but there is no evidence that the arbitrator was involved in any capacity in any matter where Ellis & Winters represented Duke University. *See* ROA.280-292, 2145-2165, 4767-4777.

The district court correctly concluded that Affordable's repeated assertion that Dr. McIntyre's counsel has an attorney-client relationship with the arbitrator has no basis in the facts or the law. *See* ROA.4834-4835.

       iii.    Ellis & Winters is not a "benefactor" of the pro bono clinic directed by the arbitrator.

Affordable submitted an excerpt from Duke Law School's website describing the school's Civil Justice Clinic as "a unique partnership between Duke Law and Legal Aid of North Carolina in which students work on cases relating to housing, benefits, and protection from domestic violence, among others." ROA.2150.  Charles Holton is listed on the website as "Director, Civil Justice Clinic."  ROA.2152.  Affordable also offered an excerpt from the Ellis & Winters website describing the firm's "[r]epresentative pro bono work," including "[r]epresenting individuals referred by Legal Aid of North Carolina in a variety of civil actions."  ROA.2145.

The district court rejected Affordable's argument below that this evidence—that Ellis & Winters and the Civil Justice Clinic both helped Legal Aid—showed that the arbitrator was biased.  *See* ROA.4829.  In its brief to this Court, Affordable tries to make more out of the same evidence:  Affordable says that "Appellees' counsel is a benefactor of the pro bono clinic at the same university for which the Arbitrator was the director," Affordable Br. 14, that Ellis & Winters "contributed to Arbitrator Holton's law clinic," *id.* 41, and that there is "a business relationship between" Mr. Holton and Mr. Sun, *id.* 49-50.  These accusations are unfounded.  Affordable offered no evidence that Ellis & Winters or Mr. Sun has any relationship to the Civil Justice Clinic; Affordable showed only that Ellis &

Winters helped individuals referred by *Legal Aid*. *See* ROA.2145-2146, 2150-2153. And the district court found that Affordable offered "no evidence of any interaction between Paul Sun and Arbitrator Holton and any work with Legal Aid of North Carolina." ROA.4829.

To the extent Affordable uses the term "benefactor" to insinuate that Dr. McIntyre's counsel has a financial relationship with the arbitrator or the clinic he directs, that insinuation is baseless. *See* Affordable Br. 14, 15, 50; *see also* Benefaction, *Black's Law Dictionary* (11th ed. 2019) ("An instance of doing good or of benefiting; esp., the act of giving something, *esp. money*, for charitable purposes." (emphasis added)). The district court found that "[t]here is no evidence, nor has there been any allegation of such by Affordable Care, that Arbitrator Holton had any kind of financial dealings" with Mr. Sun or Ellis & Winters. ROA.4829. Affordable does not challenge this finding on appeal. *See* Affordable Br. *passim*. Affordable cannot contend that Mr. Holton failed to disclose a relationship that does not exist, and Affordable offered no evidence of any relationship, financial or otherwise, between Dr. McIntyre's counsel and the Civil Justice Clinic. *See* ROA.2145-2146, 2150-2153.

        c.      The evidence Affordable provided does not show undisclosed bias.

In summary, Affordable showed that Mr. Sun—but not Mr. Holton—taught a "Wintersession" course at Duke Law School, that Mr. Sun and other lawyers in

his firm have represented Duke University in some cases, that the Civil Justice Clinic Mr. Holton directs works with Legal Aid, and that Ellis & Winters lawyers have provided pro bono representation to clients referred by Legal Aid. ROA.4828-4829. The district court properly concluded that these facts were not clear and convincing evidence of fraud. *See* ROA.4828.

To the extent that any of these facts could be characterized as connections between the arbitrator and Dr. McIntyre's counsel, the district court correctly described them as "the kind of professional relationships and contacts one would expect of people working in the same locality in the legal field." ROA.4829; *see, e.g.*, *Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 946 (N.D. Ill. 2010) (evidence of "public, almost exclusively parallel, professional contacts involving lecturing and writing on construction related matters" between arbitrator and counsel did not warrant post-arbitration discovery). In the fraud section of its brief to this Court, Affordable repeats—without record citations—the same unsupported characterizations that the district court rejected. *See* Affordable Br. 37-40. Affordable acknowledges that it had the burden to prove fraud by clear and convincing evidence, *id.* 37, but it fails to cite any case supporting its argument that these professional connections show undisclosed bias. *See id.* 37-40. Affordable's conclusory assertion that there is

"clear and convincing evidence of an undisclosed bias constituting palpable fraud" fails. *See id.* 40.

Because Affordable failed to show fraud, the first element required for vacatur under § 10(a)(1), the Court need not reach the other elements. *E.g.*, *Morgan Keegan*, 495 F. App'x at 447. In any event, Affordable also fails to satisfy the other elements. *See infra* section I.A.2, I.A.3.

> 2. Affordable could have discovered all the information it contends constitutes fraud before or during the hearing.

Even when a party seeking vacatur can show fraud, the party must also show that "the fraud was not discoverable by due diligence before or during the arbitration hearing." *Barahona*, 376 F. App'x at 397. Because the purported connections Affordable cites were discoverable before or during the arbitration hearing, the district court properly concluded that Affordable could not satisfy the second element of the § 10(a)(1) test. *See* ROA.4829-4830.

Affordable concedes that "some information regarding the close relationship between Arbitrator Holton and Attorney Sun is public information and was discoverable prior to and during the arbitration hearing." Affordable Br. 40. Elsewhere in its brief, Affordable concedes that the information it presented "derives solely from what is publicly available." *Id.* 15. These concessions foreclose Affordable's argument. The arbitrator disclosed to the parties immediately upon Mr. Sun's appearance in the arbitration that the arbitrator knew

32

Mr. Sun and had been involved in cases with him. ROA.211. Affordable failed to show that, upon receiving that disclosure, it could not have done the same online research it did after it lost the arbitration and uncovered the same facts it presented to the district court. ROA.4829-4830. Therefore, the district court properly rejected Affordable's fraud argument. *See, e.g.*, *Uhl v. Komatsu Forklift Co.*, 466 F. Supp. 2d 899, 907 (E.D. Mich. 2006) (rejecting motion to vacate on grounds of fraud where defense counsel were on notice of arbitrator's relationship with opposing counsel but waited until after unfavorable award was issued to investigate relationship further), *aff'd*, 512 F.3d 294 (6th Cir. 2008).

Affordable contends that the public information it found "was not discoverable by due diligence" because nothing in the arbitrator's disclosure "would indicate a need for further independent verification." Affordable Br. 40. Affordable complains that the arbitrator did not disclose that he and Dr. McIntyre's counsel were "concurrently serving as faculty at Duke" or that Mr. Sun's firm "contributed to Arbitrator Holton's law clinic." *Id.* 40-41. The arbitrator could not disclose these purported connections because they did not exist. *See supra* pp. 25, 29-30.

Affordable does not cite a single case in its argument that the purported fraud was not discoverable by due diligence. *See* Affordable Br. 40-43. Instead, Affordable says that Dr. McIntyre has not "cited any legal basis which would

impose an independent duty on a litigant to investigate and verify the disclosures made by an arbitrator." *Id.* 41. The legal basis, which Dr. McIntyre cited below, ROA.4437, and the district court applied, ROA.4827-4828, is that this Court requires a disappointed litigant seeking vacatur of an arbitration award on grounds of fraud to prove that the alleged fraud was not discoverable upon the exercise of due diligence before or during the arbitration. *Barahona*, 376 F. App'x at 397; *see Dealer Comput. Servs., Inc. v. Michael Motor Co.*, 485 F. App'x 724, 728 (5th Cir. 2012) (per curiam) ("Federal case law holds that arbitrating parties have a reasonable duty to investigate information of potential partiality."). Because Affordable did not show that it could not discover publicly available information during the hearing, its fraud argument fails. *See Morgan Keegan*, 495 F. App'x at 447; *Uhl*, 466 F. Supp. 2d at 907.

> 3. Affordable failed to show that the purported fraud materially related to any issue in the arbitration.

Affordable's fraud argument also fails on the third element, where Affordable failed to show that the alleged fraud "materially related to an issue in the arbitration." *See Barahona*, 376 F. App'x at 397.

Affordable contends, again without citing any legal authority, that the alleged "undisclosed bias" of the arbitrator "is materially related to the arbitration." Affordable Br. 43. Affordable restates its allegations that the arbitrator and Dr. McIntyre's counsel are "co-workers" who "have effectively an attorney/client

34

relationship," and concludes that "it certainly is in Arbitrator's [sic] Holton's best interest to maintain that relationship." *See id.* As shown above, these allegations are unsupported. *See supra* pp. 25-30. Affordable offers no evidence or argument that Mr. Sun's Duke Law School "Wintersession" course, the representation of Duke University by Ellis & Winters, or the provision of pro bono services to persons referred by Legal Aid materially related to any issue in the arbitration. *See* Affordable Br. 43.

Affordable also cannot satisfy the "materially related" test by arguing that the arbitrator "essentially adopted, word for word, Appellees' brief when rendering his decision." *See id.*[4] The arbitrator directed, without objection from Affordable, that both parties submit proposed findings and conclusions. *See* ROA.1123 (Tr. 122:12-15).[5] Affordable submitted to the district court what it represented to be a comparison of the arbitrator's award to Dr. McIntyre's proposed findings and conclusions. ROA.1892-2138. Although the comparison reflects that the arbitrator accepted many of Dr. McIntyre's proposed findings and conclusions, it does not show that the arbitrator adopted them "word for word" or "across-the-

---

[4] Affordable did not submit Dr. McIntyre's post-hearing brief with its motion to vacate, and apparently refers to Dr. McIntyre' proposed findings and conclusions.
[5] Counsel have not used the transcript format provided in Form 1 to this Court's rules because the arbitration transcripts filed with Affordable's motion to vacate are in condensed form, with four pages on each page of the EROA. Counsel have included the transcript page and line numbers in parenthesis after the citation to the EROA page that includes that portion of the transcript.

board," as Affordable claims.  *See* Affordable Br. 43.  Rather, according to

Affordable's comparison, the arbitrator both revised and rejected numerous

findings and conclusions that Dr. McIntyre proposed and added other findings and

conclusions that Dr. McIntyre did not propose.  *E.g.*, ROA.1901, 1903, 1937-1938,

1940-1945, 1947, 1951-1954, 1962, 1971, 1973-1974, 1977, 1980, 2012, 2016,

2041, 2043, 2047, 2060-2063, 2079, 2117, 2124-2138.

To the extent Affordable contends that it was improper for the arbitrator to

adopt—in whole or in part—the prevailing party's proposed findings and

conclusions, *see* Affordable Br. 43, the applicable law is to the contrary.  Under

North Carolina law, which governed the arbitration, ROA.31, it is proper for a trial

court to adopt the proposed findings and conclusions prepared by a party.  *See*

*Johnson v. Johnson*, 313 S.E.2d 162, 166 (N.C. Ct. App. 1984); *accord United*

*Leasing Corp. v. Guthrie*, 666 S.E.2d 504, 510 (N.C. Ct. App. 2008).[6]

Affordable also fails to show that any of the arbitrator's findings and

conclusions, which are comprehensively supported by citations to record evidence

and legal authority, lack support in the arbitration record.  *See* Affordable Br. 43;

ROA.43-157.  With its motion to vacate, Affordable filed what it calls "[a] list of

---

[6] This Court discourages, but does not prohibit, district courts from adopting the
proposed findings and conclusions submitted by a prevailing party.  *See Midland*
*Telecasting Co. v. Midessa Television Co.*, 617 F.2d 1141, 1144, n.5 (5th Cir.
1980).  The adoption of proposed findings and conclusions is accepted in North
Carolina law.  *See Johnson*, 313 S.E.2d at 166.

the clear factual misstatements" that the arbitrator "adopted unquestioningly."

Affordable Br. 26; *see* ROA.2139-2144. In fact, the list is a series of factual

misstatements by Affordable about the arbitration record. *See* ROA.2139-2144.

For example, Affordable says it was a "factual misstatement" for the arbitrator to

say that "Respondents contend that they are entitled to set off sums due to the PC

against any award to Affordable, and that they are entitled to recover attorneys'

fees and costs." ROA.2139. In her answer, Dr. McIntyre pleaded "the doctrines of

offset and set-off" as a defense, ROA.1349, and expressly requested an award of

attorneys' fees and costs, ROA.1379. Affordable says it was a "factual

misstatement" for the arbitrator to find that Dr. McIntyre repeatedly complained

about Affordable's mismanagement of the PC. ROA.2142. While Affordable lists

what it views as contrary evidence, ROA.2142, Dr. McIntyre's hearing testimony

supports this finding, ROA.943 (Tr. 50:3-24); ROA.944-945 (Tr. 54:3-59:19);

ROA.950-956 (Tr. 80:13-104:10). Affordable's disagreement with the arbitrator's

resolution of fact disputes does not show that the award was procured by fraud.

*See Cooper*, 832 F.3d at 546.

> B.     The District Court Correctly Concluded That There Was No Basis to
>        Vacate the Award Under § 10(a)(2) Where Affordable Failed to Prove
>        Evident Partiality.

To show that there was "evident partiality" in the arbitrator warranting

vacatur under § 10(a)(2), the party challenging the award faces a "stern standard."

*Positive Software*, 476 F.3d at 281.  The party seeking vacatur must show a "concrete, not speculative impression of bias," and "must produce specific facts from which a reasonable person would *have* to conclude that the arbitrator was partial to its opponent." *OOGC*, 975 F.3d at 453 (quotations omitted; emphasis in *OOGC*).  "[I]n nondisclosure cases, an award may not be vacated because of a trivial or insubstantial prior relationship between the arbitrator and the parties to the proceeding." *Positive Software*, 476 F.3d at 283.  Rather, "[t]he draconian remedy of vacatur is only warranted upon nondisclosure that involves a significant compromising relationship." *Id.* at 286.[7]

In its motion to vacate, Affordable argued that the arbitrator displayed evident partiality by failing to disclose alleged connections to Dr. McIntyre's counsel, and by granting Dr. McIntyre advantages in the arbitration.  The district court properly rejected both arguments and denied Affordable's motion to vacate under § 10(a)(2) because Affordable failed to meet the "stern standard" for evident partiality.  *See id.* at 281; ROA.4830-4841.

---

[7] Although Affordable acknowledges this standard, it also cites the dissenting opinion in *Positive Software*, along with out-of-circuit cases that Affordable says apply a different standard.  Affordable Br. 44-45.  Because the majority opinion in *Positive Software* controls, Dr. McIntyre applies that standard.

1. The arbitrator's purported relationship with Dr. McIntyre's counsel does not show evident partiality.

   a. Affordable waived any objection to the arbitrator's relationship with Dr. McIntyre's counsel.

The arbitrator disclosed his connections to Dr. McIntyre's counsel, and neither party objected. *See supra* p. 24. Affordable submitted evidence that it contends shows other connections, all of which could have been discovered during the arbitration proceeding. *See supra* pp. 32-33. The district court correctly concluded that, by failing to object during the hearing, Affordable waived its evident partiality argument. *See* ROA.4832-4833; *see also Light-Age, Inc. v. Ashcroft-Smith*, 922 F.3d 320, 322 (5th Cir. 2019) (per curiam) ("[A] party to an arbitration waives an objection to an arbitrator's conflict of interest if the party has constructive knowledge of the conflict at the time of the arbitration hearing but fails to object."); *accord Dealer Comput. Servs.*, 485 F. App'x at 728.

Affordable's argument that it did not waive its objection because it "was not aware of the professional relationship" between Dr. McIntyre's counsel and the arbitrator is contrary to the record. *See* Affordable Br. 46. The arbitrator disclosed that he knew Mr. Sun and had cases with or against him. *See* ROA.211. This disclosure was sufficient to put Affordable on notice of a prior relationship between the arbitrator and Dr. McIntyre's counsel, "particularly in light of [Affordable's] duty to reasonably investigate." *See Dealer Comput. Servs.*, 485 F.

39

App'x at 728 (concluding that losing party waived evident partiality objection where arbitrator's disclosure, although not specific, was sufficient to put parties on notice of potential conflict). The district court's conclusion that Affordable waived its evident partiality argument is correct. *See* ROA.4832-4833.

        b.    Affordable failed to show a "significant compromising relationship" between the arbitrator and Dr. McIntyre's counsel.

The district court was likewise correct to conclude that, considering Affordable's evident partiality argument on its merits, Affordable failed to show evident partiality based on the relationship between the arbitrator and Dr. McIntyre's counsel. ROA.4833-4839.

Consistent with his disclosure, the arbitrator's relationship to Dr. McIntyre's counsel was a professional one—the arbitrator had cases with or against Dr. McIntyre's counsel, although nothing within the ten years prior to the arbitration. *See* ROA.211. The other facts Affordable offered—that Mr. Sun taught a "Wintersession" course, that Mr. Sun and Ellis & Winters have represented Duke University, and that the Civil Justice Clinic and Ellis & Winters have worked with Legal Aid—do not show a "significant compromising relationship" between the arbitrator and Dr. McIntyre's counsel. *See Positive Software*, 476 F.3d at 286.

Courts consistently have upheld arbitration awards where the connections between an arbitrator and counsel, or between an arbitrator and a party, were much

stronger. *See* ROA.4835. For example, in *Positive Software*, this Court rejected the losing party's request for vacatur where the arbitrator failed to disclose that he and the prevailing party's counsel had represented the same party at the same time in the same two lawsuits. 476 F.3d at 280. This Court concluded that the facts did "not come close" to showing the "significant compromising relationship" required for vacatur. *Id.* at 286. Affordable is even farther from the mark—Affordable offered no evidence that the arbitrator and Dr. McIntyre's counsel represented Duke University together at any time. *See* ROA.280-292, 2145-2165, 4767-4777.

In *Cooper*, this Court rejected an attempt to overturn an arbitration award on grounds of evident partiality where JAMS assigned an arbitrator but did not disclose that one of the parties had a relationship with a *different* JAMS arbitrator who was not assigned to the case. 832 F.3d at 540, 545. This Court found it insufficient that the assigned arbitrator and the party's acquaintance both worked as JAMS arbitrators, describing the moving party's allegations of partiality as "remote, uncertain, or speculative," and insufficient to show "clearly evident bias." *Id.* (quotations omitted). Here, Dr. McIntyre's counsel had a relationship with some representatives of Duke University in prior litigation, *see* ROA.2159-2165, but not the arbitrator. Any suggestion that the arbitrator was partial to Dr. McIntyre because her counsel knew someone else who worked at Duke University is "remote, uncertain, or speculative." *See Cooper*, 832 F.3d at 545.

Even allegations that the arbitrator had an undisclosed financial incentive to rule in favor of one party are insufficient to require vacatur in the absence of specific facts showing partiality. In *OOGC*, the unsuccessful complainant in an arbitration between two oil and gas firms sought vacatur of the award under § 10(a)(2) after learning that one of the arbitrators represented a company that was at the center of some of the complainant's claims. 975 F.3d at 451. The complainant learned that the arbitrator had represented that company in two oil and gas matters, and that he had connections to the company's chairperson and general counsel. *Id.* While the district court vacated the arbitration award on evident partiality grounds, this Court reversed. *See id.* According to the complainant, the arbitrator had a financial incentive to rule in ways that benefitted the company he represented, "because that would increase his chances of receiving future legal work from [the company]." *Id.* at 455. This Court found "too much conjecture" in the complainant's theory. *Id.* at 456. Because the complainant failed to show "specific facts from which a reasonable person would have to conclude that the arbitrator was partial to a party," *see id.* at 455 (quotation omitted), this Court rejected the evident partiality argument and ordered that the award be confirmed, *id.* at 456, 458. In this case, Affordable similarly claims that the arbitrator had an incentive to maintain a positive relationship with Dr. McIntyre's counsel because Dr. McIntyre's counsel was a "benefactor[ ]" of the Civil Justice Clinic. *See*

Affordable Br. 50.  Affordable misstates the facts—Dr. McIntyre's counsel had no relationship with the Civil Justice Clinic.  *See supra* pp. 29-30.  But even if Affordable's mischaracterization were true, under *OOGC*, Affordable's speculation about the arbitrator's motives does not show evident partiality.  975 F.3d at 455-56.

None of the cases Affordable cites support a finding of evident partiality in this case.  Contrary to Affordable's argument, *Schmitz v. Zilveti*, 20 F.3d 1043 (9th Cir. 1994), did not vacate an arbitration award in "circumstances similar to the instant matter."  *See* Affordable Br. 47.  In *Schmitz*, the Ninth Circuit applied a "reasonable impression of partiality" to vacate an award under § 10(a)(2) because the arbitrator failed to disclose that his law firm represented the parent company of one of the parties to the arbitration in at least nineteen cases over thirty-five years. 20 F.3d at 1044, 1048-50.  Affordable's reliance on *Thomas Kinkade Co. v. White*, 711 F.3d 719 (6th Cir. 2013), is also misplaced.  *See* Affordable Br. 48.  In that case, the Sixth Circuit vacated an award on grounds of evident partiality where one of the parties to the arbitration hired the arbitrator's law firm for a substantial engagement during the arbitration proceedings, creating a financial relationship between the arbitrator and the party.  711 F.3d at 722-24.

Here, in contrast, there is no evidence that the arbitrator had any connection to the parties—the arbitrator and his former law firms did not represent Dr.

McIntyre, the PC, or any related entity, and there is no evidence that the arbitrator had a financial incentive to favor them.  *See* ROA.4833-4834, 4836.  Further, "there is no allegation or evidence of a financial or business relationship between" the arbitrator and Mr. Sun or Ellis & Winters.  *See* ROA.4834.  Because Affordable offered no evidence of a "significant compromising relationship" between the arbitrator and Dr. McIntyre or her counsel, the district court's conclusion that there was no evident partiality is properly affirmed.  *See Positive Software*, 476 F.3d at 286.

2.    The arbitrator did not display evident partiality in his rulings.

The district court also was right to reject Affordable's alternative argument that the arbitrator's rulings—specifically, his decision to grant Dr. McIntyre's motion to continue the hearing and his conclusion that the JNM Order was not controlling—reflected evident partiality.  *See* ROA.4839-4841.

Affordable's assertion of the same arguments on appeal fares no better.  *See* Affordable Br. 51-54.  Affordable fails to cite any case for the proposition that an arbitrator's decision to grant a continuance can support a finding of evident partiality.  *See id.*  While the two-month continuance allowed Mr. Sun to recover from his injuries enough to participate in the arbitration, Affordable has not argued that it was prejudiced by the continuance—Affordable has never alleged that evidence was lost, that witnesses were unavailable, or that it otherwise suffered

any negative consequence because of the timing of the hearing. *See id.*

Affordable's other arguments—that the arbitrator must have been biased because he awarded Dr. McIntyre some of her attorneys' fees, and because he purportedly did not follow the JNM Order—are not supported by the facts or law, as shown below. *See infra* sections I.C & I.D. Affordable's disagreement with the outcome of the arbitration is not a basis for vacatur. *See, e.g.*, *Nat'l Resort Mgmt. Corp. v. Cortez*, 319 F. App'x 313, 313 (5th Cir. 2009) (per curiam) (rejecting motion to vacate where movants "only complain of rulings with which they disagree," and cautioning movants' counsel that "such attacks on the integrity of an arbiter should not be leveled without sufficient grounds"). The district court properly rejected Affordable's request for vacatur under § 10(a)(2).

C.    The District Court Correctly Concluded That There Was No Basis to Vacate the Award Under § 10(a)(3) Because Affordable Did Not Show That the Arbitrator Refused to Hear Evidence.

A party seeking vacatur on the ground that the arbitrator engaged in misconduct by "refusing to hear evidence pertinent and material to the controversy," 9 U.S.C. § 10(a)(3), must show that the arbitrator's error deprived the party of a fair hearing. *See Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 399 (5th Cir. 2006); *accord Householder Grp. v. Caughran*, 354 F. App'x 848, 851-52 (5th Cir. 2009). The district court correctly ruled that Affordable was

not entitled to vacatur under § 10(a)(3) because the arbitrator received and considered the information Affordable submitted. *See* ROA.4842.

>     1.   The arbitrator received and considered the information
>          Affordable presented.

Affordable continues to assert on appeal that the arbitrator engaged in misconduct "when he refused to consider the evidence of the arguments and summary judgment on the issue of waiver," Affordable Br. 55, a statement the district court found did "not line up with the record," ROA.4842. The district court's finding that the arbitrator "did not refuse to hear or exclude this evidence" disposes of this argument. *See* ROA.4842. Affordable does not argue that the district court's finding was clearly erroneous, s*ee* Affordable Br. 54-56, and Affordable's own submission to the district court supports the finding. *See* ROA.288 (declaration by Affordable witness stating that arbitrator held "second oral argument" based on JNM Order). The district court's unchallenged finding forecloses Affordable's argument on appeal. *See* ROA.4842; *see also Grubic v. City of Waco*, 262 F. App'x 665, 667 (5th Cir. 2008) (per curiam) (appellant did not dispute district court's findings, and "these unchallenged findings compel affirmance").

Affordable's statement to this Court that "the Arbitrator's decision does not even mention the federal court's decision or the successful waiver position taken by Appellees in Mississippi" is contrary to the record. *See* Affordable Br. 27-28.

The arbitrator cited the JNM Order, ROA.44-45, ¶ 5, and expressly rejected Affordable's argument about the ruling. ROA.114, ¶ 198.

Because "[t]he arbitrator did not refuse to hear any evidence," the district court properly rejected Affordable's § 10(a)(3) challenge. *See Rainier DSC 1, LLC v. Rainier Cap. Mgmt., LP*, 828 F.3d 362, 366 (5th Cir. 2016).

2.  Affordable has presented no legal authority supporting its contention that the arbitrator engaged in misconduct.

In the face of the district court's conclusion that Affordable failed to cite any authority to support its assertion that the arbitrator was bound to follow the JNM Order, ROA.4842, Affordable repeats the same argument with the same citations to the same authorities the district court found inapposite, Affordable Br. 54-56; ROA.2199-2201. Affordable asserts that "[a]n award that contradicts a prior court order is, 'misconduct which prejudices a party' and is grounds to vacate an award under 9 U.S.C. § 10(a)(3)," citing the same case it did below: *J-Hanna v. Tucson Dodge Inc.*, No. 10-CV-504, 2014 WL 504881 (D. Ariz. Feb. 7, 2014). Affordable Br. 55; *see* ROA.2200. The court in *J-Hanna* did not say that an award that contradicts a prior court order is prejudicial misconduct; rather, the court denied a motion to vacate, rejecting the losing party's argument that the arbitration award contradicted its order. 2014 WL 405881, at *4.

Affordable cannot cite any authority supporting its position because there is no law requiring an arbitrator, when interpreting a contract under North Carolina

law, to follow a federal district court decision applying the law of a different state to a different issue on different facts arising from a different contract between different parties. *See* ROA.4842.

> 3. Affordable's contention that the arbitrator's waiver ruling was error does not show misconduct.

This Court has made clear that "[a]n arbitration award may not be set aside for a mere mistake of fact or law." *See Cooper*, 832 F.3d at 546 (quotation omitted). Thus, Affordable's argument for vacatur based on the arbitrator's alleged error in not following the JNM Order necessarily fails. Affordable cannot, in any event, show that the arbitrator made a mistake of fact or law.

Affordable failed to show how the JNM Order was inconsistent with the arbitrator's decision that the PC did not waive its rights to terminate the Agreement. *See* Affordable Br. 54-56. The district court agreed with JNM's argument in the JNM litigation that Affordable waived the right to seek reimbursement for alleged overcharging for rent in breach of the JNM Lease. ROA.1417:25-1418:4. The district court reasoned that, under applicable Mississippi law, "the existence of waiver is a factual determination to be made by the trial court," ROA.1416:5-6, and the undisputed facts established waiver: Affordable made rent payments for at least five consecutive years without objecting to the amount. ROA.1417:8-1418:4.

In this case, while considering the PC's rights under a different contract, the arbitrator found facts supporting the conclusion that there was no waiver. *See* ROA.107-108, ¶¶ 178-179; ROA.111-115, ¶¶ 190-202. North Carolina law required Affordable to demonstrate that the PC "intended to relinquish the benefit at issue, and manifested that intention either expressly or impliedly." *See Heron Bay Acquisition, LLC v. United Metal Finishing, Inc.*, 2014 NCBC 15 ¶ 33, *aff'd*, 781 S.E.2d 889 (N.C. Ct. App. 2016). The arbitrator found that the PC's conduct after giving notice of termination did not "manifest an intention to waive its termination right"; instead, the PC explicitly stated that it would continue to operate as if it was affiliated with Affordable to ensure an orderly disaffiliation and protect the interests of patients. ROA.107, ¶ 178; *see Heron Bay*, 2014 NCBC 15 ¶ 33. The arbitrator found that once the 2002 Lease terminated, the Agreement became terminable at will by either party. ROA.112, ¶ 195. Among other things, the arbitrator found that evidence that Dr. McIntyre was happy to move to 505 Cowan Road did not show that the PC intended to give up the express right to terminate the Agreement. *See* ROA.112-113, ¶ 196. The arbitrator also found that the parties agreed that there would be no waiver of a contract right absent a written waiver, ROA.57, ¶ 39, and that the PC did not make a written waiver, ROA.114-115, ¶¶ 199-200. These findings supported the arbitrator's ruling that Affordable did not establish that the PC waived its express rights to terminate the Agreement.

49

*See Long Drive Apartments v. Parker*, 421 S.E.2d 631, 634 (N.C. Ct. App. 1992);

*Heron Bay*, 2014 NCBC 15 ¶¶ 33, 36-38.

To the extent Affordable contends that the arbitrator reached the wrong

result when he concluded, based on these findings, that the PC did not waive the

right to terminate the Agreement, *see* Affordable Br. 56, the correctness of the

arbitrator's decision is not within the "extraordinarily narrow" scope of judicial

review of the arbitration award. *See Cooper*, 832 F.3d at 543 (quotation omitted).

Affordable's disagreement with the arbitrator's application of the law provides no

basis to vacate the award. *See id.* at 546 (assuming arbitrator erred in application

of statute of limitations, that mistake "would not justify vacatur").

\*     \*     \*

In sum, the district court properly rejected Affordable's motion for vacatur

under § 10(a)(3). *See* ROA.4841-4842.

D.     The District Court Correctly Concluded That There Was No Basis to
       Vacate the Award Under § 10(a)(4) Because Affordable Failed to
       Show That the Arbitrator Exceeded His Powers.

A federal court may vacate an arbitration award "where the arbitrators

exceeded their powers."  9 U.S.C. § 10(a)(4).  "A party seeking relief under [this]

provision bears a heavy burden."  *Oxford Health Plans LLC v. Sutter*, 569 U.S.

564, 569 (2013).  "It is not enough for [the party seeking vacatur] to show that the

[arbitrator] committed an error—or even a serious error."  *Stolt-Nielsen S.A. v.*

*AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). A court will reject a motion to vacate under § 10(a)(4) unless the award was "so unfounded in reason and fact, so unconnected with the wording and purpose of the [contract] as to manifest an infidelity to the obligation of an arbitrator." *Timegate Studios, Inc. v. Southpeak Interactive, LLC*, 713 F.3d 797, 802 (5th Cir. 2013) (brackets in *Timegate*; quotation omitted). An arbitrator does not exceed her powers unless the arbitrator "has utterly contorted the evident purpose and intent of the parties—the 'essence' of the contract," *id.* at 802-03, by acting "contrary to an express contractual provision," *Vantage Deepwater*, 966 F.3d at 375 (quotation omitted).

The district court properly rejected Affordable's argument that the arbitrator exceeded his powers by awarding attorneys' fees and costs to Dr. McIntyre because the parties' contract allowed that remedy. *See* ROA.4844-4845. Affordable drafted the Agreement to expressly incorporate the AAA Rules. ROA.30, 4844; *see, e.g.*, *Archer & White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274, 279-81 (5th Cir. 2019) (parties incorporated AAA Rules by agreeing to arbitrate "in accordance with the arbitration rules of the American Arbitration Association"). The AAA Rules permit an award of attorneys' fees "if all parties have requested such an award." AAA Rules, R-47(d)ii; *see* ROA.4844. Affordable and Dr. McIntyre both requested an award of attorneys' fees in their arbitration pleadings, s*ee* ROA.1294, 1379, and reiterated their requests in their

proposed findings and conclusions, *see* ROA.1642-1643, 1775-1776. Because all parties had requested fees, the arbitrator had authority to make an award of attorneys' fees. *See* AAA Rules, R-47(d)ii (cited in award at ROA.152); *see also McKool Smith, P.C. v. Curtis Int'l, Ltd.*, No. 3:15-CV-01685-M, 2015 WL 5999654, at *4 (N.D. Tex. Oct. 14, 2015) (by agreeing to arbitration pursuant to AAA Rules, parties incorporated those rules, including Rule 47, into their agreement), *aff'd*, 650 F. App'x 208 (5th Cir. 2016) (per curiam).

On appeal, Affordable repeats the same unsupported argument it made below—that attorneys' fees and costs "were never claimed by Appellees." Affordable Br. 56; *see* ROA.2201. Affordable does not address the district court's decision, *see* Affordable Br. 56-61, and ignores the district court's finding that Dr. McIntyre "clearly sought such an award in the Answer to Affordable Care's Amended Demand for Arbitration." ROA.4844. Affordable persists in ignoring this part of the answer while arguing, "*This answer did not include any counterclaims let alone counterclaims for fees.*" Affordable Br. 60 (emphasis in Affordable's brief). Affordable cites no authority for the proposition that an arbitrator is prohibited from awarding attorneys' fees to a respondent under Rule 47(d)ii absent a counterclaim. *See id.* 56-61.

None of the cases Affordable cites support its argument that the arbitrator exceeded his authority by awarding attorneys' fees in this case. *See* Affordable Br.

56-60.  The only case involving a challenge to an arbitrator's authority to award fees is an out-of-circuit admiralty decision where the court, pursuant to 9 U.S.C. § 11, modified an arbitration award to remove an award of attorneys' fees because the issue of attorneys' fees had not been submitted to arbitration.  *Offshore Marine Towing, Inc. v. MR23*, 412 F.3d 1254, 1255, 1258 (11th Cir. 2005) (cited at Affordable Br. 59).  There was no indication in the admiralty case that the parties incorporated the AAA Rules into their agreement.  *See id.* at 1254-58.  Affordable otherwise cites cases reciting the general proposition that vacatur is appropriate if an arbitrator exceeds her powers, such as *PoolRe Insurance Corp. v. Organizational Strategies, Inc.*, 783 F.3d 256 (5th Cir. 2015).  *See* Affordable Br. 56-60.  These cases are not "on all fours with the facts" of this case, as Affordable contends.  *See id.* 60.  In *PoolRe*, for example, this Court concluded that vacatur was warranted because the arbitrator applied the AAA Rules, when the parties had agreed to arbitrate under ICC rules.  *PoolRe Ins. Corp.*, 783 F.3d at 264-65.  Here, in contrast, the parties agreed to arbitrate under the AAA Rules, ROA.30, and the arbitrator applied AAA Rules, ROA.152 (citing AAA Rules, R-47).

The record contradicts Affordable's assertion that "Arbitrator Holton spontaneously, without prompting, indicated to Appellees that they could submit evidence of their attorney fees" after closing arguments.  Affordable Br. 60-61.  The arbitrator's invitation was not spontaneous.  Dr. McIntyre sought attorneys'

fees beginning with the filing of her answer, and before Mr. Holton was assigned as the arbitrator. *See* ROA.1379 (answer filed June 4, 2020); ROA.160 (oath form reflecting arbitrator's acceptance of appointment on June 19, 2020). Although Affordable complains that Dr. McIntyre did not present "exhibits or evidence relating to attorney fees" during the hearing, and the arbitrator directed the submission of evidence about attorneys' fees after closing arguments, Affordable cites no authority suggesting that this procedure was improper. *See* Affordable Br. 60-61. Affordable did not object to this procedure during the hearing, and instead agreed that attorneys' fees could be considered after the hearing. *See* ROA.295 (Tr. 8:13-20). When Affordable identified redacted legal invoices on its exhibit list for the hearing, Dr. McIntyre argued that the invoices were inadmissible. ROA.295 (Tr. 6:1-8:2). The arbitrator expressed his inclination to "hold the matter open until such time as we might reach the question of attorneys fees." ROA.295 (Tr. 8:5-7). Affordable's counsel responded that Affordable expected that the arbitrator "would set how we would handle that." ROA.295 (Tr. 8:15-17). Affordable's counsel continued, "Most certainly there would be more disclosure of information if Mr. Arbitrator were to decide that there was fees. I would think that that would be a separate proceeding, but that would obviously be subject to you." ROA.295 (Tr. 8:17-20).

In the concluding sentence of the part of its brief addressing § 10(a)(4), Affordable asserts, without citation, that the award of attorneys' fees and costs was "contrary to governing North Carolina law." Affordable Br. 61.[8] Affordable's argument is contrary to North Carolina law holding that, where the parties agree to arbitration rules that permit an award of attorneys' fees, the arbitrator may award attorneys' fees. *See First Union Secs., Inc. v. Lorelli*, 607 S.E.2d 674, 677 (N.C. Ct. App. 2005). Because the parties incorporated the AAA Rules into their Agreement, and those rules allowed the award of attorneys' fees, the arbitrator acted within the authority conferred by the Agreement when awarding Dr. McIntyre attorneys' fees. *See* ROA.4844-4845.

The district court properly rejected Affordable's argument that the arbitrator exceeded his powers by awarding attorneys' fees and costs, and thus properly denied the motion to vacate under § 10(a)(4). *See* ROA.4845.

---

[8] By failing to present argument or authority in support of this assertion, Affordable waived any argument that the fee award is contrary to North Carolina law. *E.g.*, *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016) (appellant's "passing reference" to claim in opening brief, without argument, was insufficient to avoid waiver).

II.    THE DISTRICT COURT CORRECTLY RULED THAT AFFORDABLE
       WAS NOT ENTITLED TO POST-ARBITRATION DISCOVERY.

*Standard of Review*

This Court reviews the district court's order denying post-arbitration

discovery for abuse of discretion.  *Vantage Deepwater*, 966 F.3d at 373.

*Discussion*

"District courts occasionally allow discovery in vacatur and confirmation

proceedings."  *Id.* at 372.  Courts weigh the asserted need for discovery against

"the impact of granting such discovery on the arbitral process."  *Id.* at 373

(quotation omitted).  "The court should focus on specific issues raised by the party

challenging the award and the degree to which those issues implicated factual

questions that cannot be reliably resolved without some further disclosure."  *Id.*

(quotation omitted).  The burden is on the party requesting discovery to show that

discovery is necessary.  *Id.*

The district court properly denied Affordable's motion for discovery where

Affordable provided no evidence from which a reasonable person could conclude

that the arbitrator was biased.  *See* ROA.4845, 4848-4849.

On appeal, Affordable claims that it "*certainly* provided evidence that a

reasonable person would have to conclude that Arbitrator Holton was partial to the

Appellees and as such, discovery post-arbitration award is *certainly* warranted."

Affordable Br. 63 (emphases added).  But Affordable's effort to manufacture a

conflict of interest was unsuccessful—the evidence does not support Affordable's allegations that there were undisclosed close connections between Dr. McIntyre's counsel and the arbitrator. *See supra* pp. 24-30. Affordable was not entitled to use post-arbitration discovery as a "fishing expedition in an attempt to determine if there is some basis, however farfetched, to prosecute a claim of bias." *See Lyeth v. Chrysler Corp.*, 929 F.2d 891, 899 (2d Cir. 1991) (affirming denial of losing party's request to depose arbitrator) (cited with approval in *Woods v. P.A.M. Transp. Inc.*, 440 F. App'x 265, 268, n.7 (5th Cir. 2011) (per curiam)); *see also, e.g.*, *Vantage Deepwater*, 966 F.3d at 374 (affirming denial of post-arbitration discovery); *United Forming*, 350 F. App'x at 949, n.2 (same).

Affordable does not advance its argument by noting that the discovery rules are accorded "broad and liberal treatment," and reciting the scope of discovery allowed by Rule 26 of the Federal Rules of Civil Procedure. *See* Affordable Br. 62-63. Parties to confirmation and vacatur proceedings do not have an "unqualified right to any discovery" they request, "limited only by relevancy." *Imperial Ethiopian Gov't v. Baruch-Foster Corp.*, 535 F.2d 334, 337 (5th Cir. 1976). The district court properly denied Affordable's request for discovery. *See* ROA.4845-4849.

## CONCLUSION

For the reasons stated above, Dr. McIntyre respectfully requests that the Court affirm the judgment of the district court.

This the 4th day of August, 2022.

/s/ Paul K. Sun, Jr.
Paul K. Sun, Jr.
N.C. State Bar No. 16847
Kelly Margolis Dagger
N.C. State Bar No. 44329
ELLIS & WINTERS LLP
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
kelly.dagger@elliswinters.com
paul.sun@elliswinters.com

Karl C. Hightower
Katherine Hewes Hood
BALCH & BINGHAM, LLP
P.O. Box 130 (39502)
Gulfport, MS 39501
Tel: 228-214-0421
Fax: 866-316-9459
kchightower@balch.com
khood@balch.com

*Counsel for Defendants-Appellees*
*Raeline K. McIntyre, DMD, and*
*Raeline K. McIntyre, DMD, PC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 4 August 2022, I filed the foregoing

Response Brief with the Clerk of Court using the CM/ECF system, which will

cause notice of such filing to be sent to all counsel of record.

This the 4th day of August, 2022.

/s/ Paul K. Sun, Jr.
Paul K. Sun, Jr.

*Counsel for Defendants-Appellees*
*Raeline K. McIntyre, DMD, and*
*Raeline K. McIntyre, DMD, PC*

# CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that:

1.      This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), and 5th Cir. R. 32.1, this document contains 12,978 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1, and the type-style requirements of Fed. R. App. P. 32(a)(6), because this document has been prepared in a proportionally spaced typeface using Microsoft Word version 2206 in 14-point Times New Roman.

This the 4th day of August, 2022.

<u>/s/ Paul K. Sun, Jr.</u>
Paul K. Sun, Jr.

*Counsel for Defendants-Appellees*
*Raeline K. McIntyre, DMD, and*
*Raeline K. McIntyre, DMD, PC*

**CERTIFICATE REGARDING ECF FILING STANDARDS**

The undersigned hereby certifies that:

1.     This document does not contain any personal data identifiers that would require redaction under 5th Cir. R. 25.2.13.

2.     This document is in PDF text format as described in 5th Cir. R. 25.2.1.

3.     The endpoint detection and response program on the computer on which this document was prepared has actively scanned the document and has not reported any virus or malware.

This the 4th day of August, 2022.

/s/ Paul K. Sun, Jr.
Paul K. Sun, Jr.

*Counsel for Defendants-Appellees*
*Raeline K. McIntyre, DMD, and*
*Raeline K. McIntyre, DMD, PC*